IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAGGIE LOPEZ,<br>    Plaintiff | )<br>)<br>) |
| v. | ) Civil Action File No.<br>) |
| TD BANK U.S. Holding Company, as<br>Successor in Interest to TARGET<br>NATIONAL BANK, N.A.,<br>EQUIFAX, INC., and, EXPERIAN<br>FINANCIAL SOLUTIONS, INC.,<br>    Defendant. | ) **JURY TRIAL DEMAND**<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Maggie Lopez and, for her Complaint against Defendants TD Bank U.S. Holding Company as Successor in Interest to Target National Bank, N.A., Equifax, Inc., and Experian Financial Solutions, Inc., shows as follows:

## JURISDICTION

1. Plaintiff is a natural person with her personal residence located in the State of Georgia.

2. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692(a)(3) and O.C.G.A. § 10-1-392(6).

1

3.      Target National Bank, N.A. is a foreign corporation that did business in the state of Georgia until March 13, 2013.  As of March 13, 2013, Defendant TD Bank U.S. Holding Company acquired all of Target National Bank, N.A.'s assets and liabilities including an account purported to belong to Plaintiff.  TD Bank U.S. Holding Company (hereinafter "TD Bank") is a foreign corporation and may be served through its registered agent for service of process, Corporation Service Company at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4.      Defendant Equifax, Inc. is a domestic corporation, doing business in the state of Georgia and may be served through its registered agent Dean C. Arvidson, at 1550 Peachtree Street NW, H46, Atlanta, Georgia 30309.

5.      Defendant Experian Financial Solutions, Inc. is a foreign corporation doing business in the state of Georgia and may be served through its registered agent CT Corporation System, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

6.      Defendants Equifax and Experian are consumer reporting agencies within the meaning of 15 U.S.C. § 1681a(f).

7.      Defendant TD Bank is a furnisher of information that has certain duties and obligations as described in 15 U.S.C. 1681s-2-(a) & (b).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions relevant to this action took place in the Northern District of Georgia.

9.      Plaintiff first became aware that Defendant Target National Bank, N.A. was representing that Plaintiff owed it a debt on December 22, 2010, when she received a letter of debt collection from Midland Funding LLC as assignee of Defendant Target National Bank.

10.     The amount of the purported debt was $3,723.

11.     Plaintiff responded to Midland Funding, LLC via certified mail to dispute the debt.  Plaintiff did not owe any debt to Defendant Target National Bank, N.A.

12.     Target National Bank responded on January 5, 2011, stating that Plaintiff did in fact owe the debt and providing dates the account was opened and closed.

13.     Plaintiff responded on January 14, 2011, and argued that the account was not hers.  Plaintiff again requested proof that the debt was hers.

14.     Midland Funding, LLC, as assignee of the debt from Target National Bank, sued Plaintiff to collect the debt in the Magistrate Court of Fulton County, Georgia on February 9, 2011.

15.     Plaintiff received notice of the lawsuit in March 2011.

16. Midland Funding, LLC agreed to dismiss its claims with prejudice in a June 10, 2011 order releasing all liability and requesting a trade line deletion of the purported Target National Bank, N.A. debt with Experian, Equifax and Transuion.

17. Plaintiff checked her credit report several months after the dismissal, and the debt had been removed from her reports with all three credit bureaus.

18. Plaintiff made an offer to purchase a house on February 14, 2014. The closing date was set for April 29, 2014.

19. Relying on her knowledge of her good credit history, Plaintiff sold her existing house with a closing date of March 28, 2014.

20. Shortly before the closing on her house, Plaintiff became aware that the debt originally reported by Target National Bank was again showing up on credit reports from all three credit reporting agencies.

21. Plaintiff filed disputes with all three agencies on March 21, 2014, by certified mail.

22. On April 8, Transunion deleted the entry.

23. On April 10, Defendant Equifax required Plaintiff to verify the debt from the original source, Defendant Target National Bank.

24. On April 18, Defendant Experian updated the balance of the inaccurate debt to $0, but did not delete the trade line.

25.     Due to the inaccurate debt from Target National Bank (being reported by TD Bank), Plaintiff was unable to obtain financing to complete the purchase of a house. When the closing of her prior home occurred, Plaintiff was required to move into an Extended Stay hotel.

26.     On April 21, Defendant Equifax updated the balance of the inaccurate debt to $0, but did not delete the trade line.

27.     Plaintiff emailed the attorney for Midland Funding on May 5, 2014 to ask why the debt continued to show up on her record.

28.     An attorney for Midland Funding, Scott Groghan, emailed Plaintiff on May 5, 2014, confirming that "At this time, no debt is due and owing to Midland or to Target National Bank, and Midland Funding agreed to remove any negative reporting from your credit bureau report.  Please be aware that Target is not bound by the release, so there is potential that they still have reporting on your credit.  However, at this time, the obligation is not owed to Target or Midland."

29.     Plaintiff attempted to contact Target National Bank through the number provided to her by Defendants Equifax and Experian but was unable to get anything but a recorded message that instructed her to contact Midland Funding.

30.     As a result of Defendants' failure to correct the inaccurate record on Plaintiff's credit report, Plaintiff was unable to get financing for her home purchase.

31. As a result of Defendants' failure to correct the inaccurate record on Plaintiff's credit report, Plaintiff has been in an Extended Stay from April 18 through the present, and she was forced to place her possessions in storage.

32. As a result of Defendants' failure to correct the inaccurate record on Plaintiff's credit report, Plaintiff lost $2,500 in earnest money as well as costs associated with an application for home purchase, such as appraisal and inspection of the home.

33. Defendant TD Bank has violated the Fair Credit Reporting Act ("FCRA") by furnishing inaccurate data regarding Plaintiff's credit history to the Credit Reporting Agencies and failing to investigate a clear inaccuracy reported by a consumer.

34. Defendants Equifax and Experian have violated the Fair Credit Reporting Act by failing to investigate an inaccuracy reported by a consumer.

## COUNT I:  FCRA

35. Plaintiff incorporates by reference the preceding paragraphs of the complaint.

36. The Fair Credit Reporting Act imposes specific obligations upon furnishers of information and consumer reporting agencies, inter alia, reporting accurate information and correcting inaccurate information when a consumer has filed a dispute.

37. Defendants were placed on notice of inaccurate court records yet failed to correct them.

38. Defendants caused, and continue to cause, Plaintiff harm in her ability to obtain credit financing through their inaccurate reporting.

39. Plaintiff has suffered actual damages as a result of Defendants' actions in inaccurately reporting her account and refusing to correct her account once placed on notice of their inaccurate reporting.

Wherefore, Plaintiff prays for the following relief:

(a) That the Court enter judgment in favor of the Plaintiff and against Defendants in an amount to be determined at trial, including statutory damages, actual damages, punitive damages, as well as, attorney's fees, expenses and costs; and,

(b) That Plaintiff have such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL OF ALL CAUSES OF ACTION**

Respectfully submitted, this 3rd day of June, 2014.

    Keegan Law Firm, LLC

    /s/Marcus G. Keegan
    Marcus G. Keegan
    Georgia Bar. No. 410424
    mkeegan@keeganfirm.com
    Elizabeth Main
    Georgia Bar No. 916409
    emain@keeganfirm.com

                        1418 Dresden Drive
                        Suite 240
                        Atlanta, Georgia  30319
                        (404) 842-0333(Phone)
                        (404) 920-8176 (Fax)